IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES JONES, Individually and as Personal Representative of the Estate Of Matthew Tyler Jones, <br><br>   Plaintiff, <br><br> v. <br><br> COMANCHE COUNTY FACILITIES AUTHORITY, *et al.*, <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-25-385-PRW |

## ORDER

Before the Court is United States Magistrate Judge Shon Erwin's Report and Recommendation (Dkt. 13), which recommends that the Court deny Defendant Comanche County Board of County Commissioners's ("the Board") Motion to Dismiss (Dkt. 7). The Board timely objected (Dkt. 14), and Plaintiff Jones responded to the Board's Objection (Dkt. 15). For the reasons given below, the Court **ADOPTS** Judge Erwin's Report and Recommendation (Dkt. 13).

### *Background*

This is a 42 U.S.C. § 1983 action. Matthew Tyler Jones was an inmate at Comanche County Detention Center (CCDC) in August of 2023 when he was fatally stabbed. Plaintiff alleges that various "unlawful policies and customs[,]" were the impetus for his death, specifically identifying (1) "continued overcapacity and overcrowding of inmates" both overall and in their cells, inadequate monitoring of the jail population, and inadequate

1

staffing.[1] The Board filed a Motion to Dismiss (Dkt. 7) on April 11, 2025, arguing that (1) Plaintiff improperly brought a § 1983 claim in his individual capacity (which has since been mooted by Plaintiff clarifying in his Response that he has not brought this action in his individual capacity); (2) the Board is not a proper Defendant owing to it not possessing final policy-making authority regarding the jail's operation; and (3) that Plaintiff has failed to plead sufficient facts to allege the jail was inadequately funded. Judge Erwins recommends that the Court deny the Motion.

### *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2] An objection is "proper" if it is both timely and specific.[3] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[5] In the absence of a proper

---

[1] Compl. (Dkt. 1, Ex. 3), at 6–7.

[2] Fed. R. Civ. P. 72(b)(3).

[3] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[4] *Id.* (citation and internal quotation marks omitted).

[5] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[6]

## *Analysis*

The Board's Objection largely rehashes theories raised in its Motion to Dismiss. First, it objects to Judge Erwin's conclusion that it is a proper defendant. The Board argues that state law abrogates any authority it has to exercise control over the public trust that operates the jail. But the precedents from this district upon which Judge Erwin relied have concluded that Oklahoma law does not presumptively preclude suits against boards of county commissioners when county jails are operated by public trusts, as "Oklahoma law requires that the Board be named '[i]n all suits or proceedings by or against a county[.]'"[7] The Board offers no convincing argument as to why Judge Erwin was wrong to rely on those precedents. Judge Erwin properly concluded that the extent of the Board's policymaking authority over the trust and, consequently, the jail, is a fact question.

The Board also disputes Judge Erwin's finding that Plaintiff adequately alleged that lack of funding caused Jones's death. But Judge Erwin reasonably concluded that Plaintiff's allegations of overcrowding and inadequate staffing imply insufficient funding. And at this stage, the Complaint may simply allege facts that let the Court draw reasonable inferences that the Board is liable for understaffing and overcrowding the jail.[8]

---

[6] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[7] *Neal v. Oklahoma Cnty. Criminal Justice Authority*, Case No. CIV-24-575-JD, 2025 WL 1104777, at *3 (W.D. Okla. Mar. 5,2025) (internal quotations and citations omitted).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The Court reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[9] Finding none, the Court concurs with Judge Erwin's well-reasoned conclusions and analysis.

## *Conclusion*

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 13) and **DENIES** the Board's Motion to Dismiss (Dkt. 7).

**IT IS SO ORDERED** this 9th day of March 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] *Summers*, 927 F.2d at 1167–68.