IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES JONES, Individually and as Personal Representative of the Estate Of Matthew Tyler Jones, <br><br> Plaintiff, <br><br> v. <br><br> COMANCHE COUNTY FACILITIES AUTHORITY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. CIV-25-385-PRW ) ) ) ) ) ) |

### ORDER

Before the Court is United States Magistrate Judge Shon Erwin's Report and Recommendation (Dkt. 17), which recommends that the Court grant in part and deny in part Defendant Comanche County Facilities Authority's ("CCFA") Partial Motion to Dismiss (Dkt. 8). CCFA timely objected (Dkt. 18), and Plaintiff Jones responded to CCFA's Objection (Dkt. 19). For the reasons given below, the Court **ADOPTS** Judge Erwin's Report and Recommendation (Dkt. 17).

*Background*

This is a 42 U.S.C. § 1983 action. Matthew Tyler Jones was an inmate at Comanche County Detention Center (CCDC) in August of 2023 when he was fatally stabbed. Plaintiff alleges that various "unlawful policies and customs[,]" were the impetus for his death, specifically identifying (1) "continued overcapacity and overcrowding of inmates" both overall and in their cells, inadequate monitoring of the jail population, and inadequate

1

staffing.[1] CCFA filed a Partial Motion to Dismiss (Dkt. 8) on April 11, 2025, arguing that Plaintiff improperly brought a § 1983 claim in his individual capacity (which has since been mooted by Plaintiff clarifying in his Response that he has not brought this action in his individual capacity) and that CCFA is immune from Plaintiff's state tort claims. Judge Erwins recommends that the Court deny the Motion in part and grant it in part.

### *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2] An objection is "proper" if it is both timely and specific.[3] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[5] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[6]

---

[1] Compl. (Dkt. 1, Ex. 3), at 6–7.

[2] Fed. R. Civ. P. 72(b)(3).

[3] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[4] *Id.* (citation and internal quotation marks omitted).

[5] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

[6] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

*Analysis*

Judge Erwin finds that § 153.1 of the Oklahoma Governmental Tort Claims Act (OGCTA) does not abrogate the immunity of public trusts that house federal inmates, like CCFA. Section 153.1 states:

> Nothing in the Governmental Tort Claims Act shall be construed as allowing an action or recovery against this state, against any city, town or county that is the sole beneficiary of a public trust, or against any employee of this state or any city, town or county of this state due to the housing of federal inmates or inmates from another state in facilities owned or operated by private prison contractors. If a public trust that has as its sole beneficiary a city, town or county has a facility that houses federal inmates or inmates from another state, the immunity provided for in the Governmental Tort Claims Act shall not apply to that trust.

CCFA battles the plain text of the statute. Plaintiff has pleaded that CCFA is a public trust which houses federal inmates, and that Comanche County is the trust's sole beneficiary. CCFA, relying on appeals to the title of the statute and the legislative context around the passage of this provision, argues that the legislature's intent was to abrogate immunity only for such government entities who are beneficiaries of a public trust and which have in some way turned over operations of jails to private contractors. But Judge Erwin quoted and analyzed the entirety of the statutory text, which contradicts CCFA's position. Indeed, courts in this District have previously rejected similar iterations of CCFA's argument.[7] Ultimately, "purposive argument simply cannot overcome the force of

---

[7] *Bonilla v. Gerlach*, No. CIV-23-1060-R, 2024 WL 457172, at *2 (W.D. Okla. Feb. 6, 2024).

the plain text."[8] Thus, the Court **DENIES** CCFA's Motion (Dkt. 8) with respect to Plaintiff's claim for negligence in Plaintiff's capacity as personal representative of the Estate of Matthew Tyler Jones.

The Court reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[9] Finding none, the Court concurs with Judge Erwin's well-reasoned conclusions and analysis. Accordingly, the Court **DISMISSES** Plaintiff's claim for negligence against CCFA in his individual capacity.

## *Conclusion*

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 17) and **GRANTS IN PART AND DENIES IN PART** CCFA's Partial Motion to Dismiss (Dkt. 8).

**IT IS SO ORDERED** this 9th day of March 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[8] *Bowe v. United States*, 607 U.S. ----, 146 S.Ct. 447, 465 (2026) (quoting *Mohamad v. Palestinian Authority*, 566 U.S. 449, 460 (2012)).

[9] *Summers*, 927 F.2d at 1167–68.